UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                                  Chapter 11

**CONGREGATION ACHPRETVIA TAL
CHAIM SHAR HAYUSHOR, INC.,**                                    Case No.

                        Debtor.
------------------------------------------------------------X

## AFFIDAVIT PURSUANT TO LOCAL RULE 1007-2

STATE OF NEW YORK    )
                                        ) ss:
COUNTY OF NEW YORK )

    **Harold Friedlander**, being duly sworn, deposes and says:

    1.    I am the Vice President of Congregation Achpretvia Tal Chaim Shar Hayushor, Inc. (the "Debtor" or the "Congregation"), and am fully familiar with the facts set forth herein.

    2.    The Debtor, a not for profit entity, owns a vacant building located at 163 East 69th Street, New York (the "Building"). The Building was used as a synagogue for many years. It was founded by my father Rabbi Abraham Friedlander and my mother Rebbetzin Judith Friedlander. After my mother died in February 2014, my sister Eve Kreger and I and our families discussed selling the Building.

    3.    The Debtor's filing for bankruptcy under chapter 11 was as a result of a litigation commenced in the fall of 2015 relating to a contract for the sale of the Building. An action was filed by 169 East 69 Realty, LLC against the Congregation seeking specific performance directing the Congregation to commence an action in the Supreme Court of the

State of New York ("Supreme Court") for authorization from the Supreme Court and the New York State Attorney General to sell the Building to it pursuant to a contract between the parties. Prior to the litigation, the contract for the sale of the Building was neither approved by the Supreme Court nor the Office of the New York State Attorney General. The contract at a price below fair market value.

4. No pre-petition committee was organized prior to the order for relief.

5. The secured creditors of the Debtor are listed on Schedule D.

6. A summary of the Debtor's assets and liabilities is set forth on the summary of schedules filed in this case.

7. The names and addresses of the twenty largest unsecured creditors were filed along with the Debtor's schedules and statement of financial affairs.

8. All suits or proceedings in which the Debtor is named as a party are listed in the Debtor's statement of financial affairs.

9. The Debtor has not issued any publicly held securities.

10. No property of the Debtor is in the possession and control of a receiver for the benefit of mortgagees and creditors.

11. The purpose of filing this petition is to preserve the assets of the Debtor for the benefit of the Debtor and its creditors and to preserve priorities of creditors.

12. The estimated income for the 30 day period following the filing of the petition is $0, with the exception of potential donations to the Congregation. The estimated amount of payroll due the Debtor's employees, exclusive of officers, for a period of thirty days following the filing of the petition is $0.

13. Salaries currently being paid by the Debtor to the officers approximate $15,000.00 per month. The payments are $7,500.00 to Harold Friedlander and $7,500.00 to Eve Kreger, which are funded by a prepetition loan to the Debtor from a third-party. Both my sister Eve Kreger and I are directors of the Congregation.

**CONGREGATION ACHPRETVIA TAL CHAIM SHAR HAYUSHOR, INC., A NEW YORK RELIGIOUS CORPORATION**

**By:/s/ Harold Friedlander**
       **HAROLD FRIEDLANDER**

Sworn to before me this
**13th day** of **January, 2016**

/s/ Robert M. Sasloff
       **Notary Public**