**ROBINSON BROG LEINWAND GREENE
 GENOVESE & GLUCK P.C.**
875 Third Avenue
New York, New York 10022
Telephone No.: 212-603-6300
**A. Mitchell Greene, Esq.**
*Attorneys for the Debtor and
Debtor in Possession*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

**CONGREGATION ACHPRETVIA TAL CHAIM
SHARHAYU SHOR, INC.,**

Debtor.
----------------------------------------------------------------X
**163 EAST 69 REALTY, LLC,**

                Plaintiff,

    -against-

**CONGREGATION ACHPRETVIA TAL CHAIM
SHARHAYU SHOR, INC., A New York Religious
Corporation,**

                Defendant.
----------------------------------------------------------------X

Chapter 11

Case No. 16-10092-mew

Supreme Court Index No.
161573/2015

## NOTICE OF REMOVAL

     Congregation Achpretvia Tal Chaim Sharhayu Shor, Inc. ("the "Debtor"), by its attorneys, Robinson Brog Leinwand Greene Genovese & Gluck P.C., hereby removes the action captioned: *163 East 69 Realty, LLC v. Congregation Achpretvia Tal Chaim Sharhayu Shor, Inc., a New York Religious Corporation*, pending in the Supreme Court of the State of New York, County of New York, bearing Index No. 161573/2015 (the "Action") to the United States Bankruptcy Court for the Southern District of New York pursuant to 28 U.S.C. §§ 157 and 1452, and Rule 9027 of the

{00775978.DOCX;2 }

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

1. On January 15, 2016, the Debtor filed its voluntary chapter 11 case with the United States Bankruptcy Court for the Southern District of New York.

2. The Debtor, a not for profit entity, owns a vacant building located at 163 East 69th Street, New York (the "Building"). The Building is the Debtor's primary asset.

3. The Debtor is named as a defendant in the Action being removed herein and thus is a party to the Action. The Action directly impacts the Debtor's rights and interest in the Building and therefore affects property of the Debtor's bankruptcy estate.

4. This Notice of Removal is accompanied by the underlying Summons and Complaint, attached hereto as **Exhibit A**, in the Action in accordance with Rule 9027(1) of the Federal Rules of Bankruptcy Procedure. A copy of the docket of the Action is also attached hereto as **Exhibit B**. If additional documents relating to the Action are required, the Debtor will submit such documents upon request.

5. The Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court; and is not a civil action by a governmental unit to enforce such governmental unit's police or regulatory power.

6. The Bankruptcy Court presiding over the Chapter 11 case, pursuant to the general reference order with respect to Title 11 cases in the Southern District of New York and 28 U.S.C. §157, has jurisdiction of each and every cause of action asserted in the Action under 28 U.S.C. §1334 and thus the Action is subject to removal pursuant to 28 U.S.C. §1452(a).

7. Under 28 U.S.C. §1452(a), "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district

court has jurisdiction of such claim or cause of action under section 1334 of this title." Pursuant to 28 U.S.C. §1334(b), this Court has "related to" jurisdiction over the Action which seeks to affect property of the Debtor's bankruptcy estate. This includes, but is not limited to, the Debtor's rights and interest in the Building and the Debtor's claims against third parties, all of which are property of the estate pursuant to 11 U.S.C. §541.

8. All such claims and causes of actions have a clear and direct impact on property of the estate under 11 U.S.C. §541. Resolution of the claims asserted in the Action will significantly affect the administration of the estate, and other core proceedings, including, but not limited to, counterclaims by the estate against persons filing claims against the estate, confirmation of the Debtor's plan, the sale of property, attempts to diminish the value of property of the estate and proceedings affecting the liquidation of assets of the estate. All such proceedings are core proceedings under 28 U.S.C. §157 (b)(2)(C), (L), (N) and (O).

9. In the event that any claim or cause of action asserted in the Action is determined to be non-core, the Debtor consents to the entry of final orders or judgments by the bankruptcy judge.

10. This Notice of Removal is filed less than ninety (90) days after the order for relief in the Chapter 11 case in accordance with Bankruptcy Rule 9027(a)(2). The Action was pending when the Chapter 11 case was commenced.

11. This Notice of Removal will promptly be provided to adverse parties.

12. A true and correct copy of this Notice of Removal will promptly be filed with the New York State Court.

**WHEREFORE**, the Debtor hereby removes the Action to this Court and requests that it be placed on the docket of the Bankruptcy Court for further proceedings, the same as though it had originally been instituted in the Bankruptcy Court.

**DATED:**     New York, New York
               March 4, 2016

>                           **ROBINSON BROG LEINWAND GREENE**
>                             **GENOVESE & GLUCK P.C.**
>                           **Attorneys for the Debtor**
>                           875 Third Avenue, 9th Floor
>                           New York, New York 10022
>
>                           By:/s/A. Mitchell Greene_____
>                                   **A. Mitchell Greene**