# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

163 EAST 69 REALTY, LLC.,

Index No.

Purchaser-Plaintiff,

COMPLAINT

-against-

CONGREGATION ACHPRETVIA TAL CHAIM SHAR
HAYUSHOR, INC., a New York Religious Corporation,

Defendants.

Plaintiff, by its attorneys, KOSSOFF, PLLC., as and for its complaint against the defendant, alleges that:

## FACTS RELEVANT TO ALL CAUSES OF ACTION

1.       Plaintiff, 163 EAST 69 REALTY LLC (hereinafter referred to as the "Purchaser-Plaintiff"), is a Limited Liability Company that was formed and exists by virtue of and pursuant to the laws of the State of New York.

2.       Upon information and belief, Defendant, CONGREGATION ACHPRETVIA TAL CHAIM SHAR HAYUSHOR, INC., (hereinafter referred to as "Seller-Defendant"), was and, upon information and belief, continues to be a New York Religious Corporation formed and existing pursuant to and by virtue of the Laws of the State of New York.

3.       That at all times hereinafter mentioned, and at the date of commencement of this action, Seller-Defendant was and is the owner of the premises known as and located at 163 East 69th Street, New York, New York (hereinafter the "Premises"), further described as Block 1404 Lot 31, in the City of New York, County of New York.

4.      By contract of sale, dated March 26, 2014 (hereinafter the "Contract"), and the first rider and second rider thereto (hereinafter, respectively, the "First Rider" and "Second Rider"), Seller-Defendant agreed to sell and Purchaser-Plaintiff agreed to purchase the Premises upon the terms and conditions set forth in the Contract

5.      The purchase price stated in the Contract is NINE MILLION SEVEN THOUSAND FIFTY THOUSAND ($9,750,000.00) DOLLARS (hereinafter the "Purchase Price"). Contract ¶ 1(a).

6.      Purchaser-Plaintiff paid a Contract deposit (hereinafter "First Downpayment") upon executing the Contract, by check subject to collection to be held in escrow by the Seller-Defendant's attorney in an IOLA account at JP Morgan Chase, in the amount of FOUR HUNDRED EIGHTY SEVEN THOUSAND FIVE HUNDRED ($487,500.00) DOLLARS.  Contract ¶ 1(b).

7.      Upon information and belief the First Downpayment was, pursuant to the terms of the Contract, delivered to the law firm of CLAUDE CASTRO & ASSOCIATES PLLC (hereinafter "Castro & Associates"), then-attorneys for Seller-Defendant, as escrowee and cleared Castro & Associates' escrow account.

8.      Pursuant to a written amendment to the Contract, executed October 7, 2015 (hereinafter the "Amendment"), the Contract was modified solely to the extent of substituting HENRY KOHN, ESQ. (hereinafter "Kohn") as attorney for the Seller and as substitute escrow agent, and requiring that Castro & Associates deliver its escrow check representing the First Downpayment to Kohn.

9.      By letter dated October 9, 2015, Castro & Associates delivered the First Downpayment to Kohn as per the terms of the Amendment.

2

10.     Pursuant to the terms of the Amendment, Kohn is now the attorney for the Seller-Defendant on the Contract and the escrow agent (hereinafter "Escrowee") and maintains his place of business at 4912 13th Avenue, Brooklyn, New York 11219.

11.     The Contract is in full force and effect.

12.     That the date of closing (hereinafter the "Closing"), as set forth in the Contract at ¶ 7, is:

> ...on or about sixty (60) days from the date that Purchaser's attorney received a copy of all necessary approvals from the Supreme Court of the State of New York and the approval of the New York State Attorney General authorizing the sale of the Premises pursuant to the terms of this Contract.

13.     Pursuant to paragraph 29(e) of the First Rider, Seller-Defendant made the following representation, which is also a condition of Closing:

> ...Seller is a New York Religious Corporation whose authority to convey title to the Premise is subject to obtaining prior approval by the New York State Attorney General and the Supreme Court of the State of New York (the "Consents"). Seller shall seek all such approvals promptly after the execution of this Contract...

14.     Upon information and belief, Seller-Defendant has not yet, as of the date hereof, complied with all of its obligations under the Contract and/or has sought the Consents, which it was required to do "promptly after the execution of this Contract," First Rider ¶ 29(e), which took place on March 26, 2014.

15.     It has been eighteen (18) months since the execution of the Contract. As of the date hereof, Seller-Defendant has not yet filed a petition seeking the Consents, and therefore, Seller-Defendant failed to promptly seek the Consents after the execution of the Contract.

16.     Seller-Defendant's failure to promptly seek the Consents constitutes a

3

willful default of the terms and conditions of the Contract.

17.     Pursuant to paragraph 4 of the First Rider:

> If the Seller shall...be unable to comply with the commitments, representations or conditions on the part of the Seller to be performed as set forth herein...except for Seller's willful default, and, except for Seller's willful default, Purchaser does hereby waive any right to commence an action for specific performance...

18.     Pursuant to paragraph 7 of the Second Rider,

> If Seller shall (i) fail or refuse to close as required by the terms of this Contract or (ii) otherwise be in default hereunder, Purchaser shall have the right permitted to specific performance...

19.     Pursuant to paragraph 4 of the First Rider and paragraph 7 of the Second Rider, Seller-Defendant's willful default of the Contract entitles Purchaser-Plaintiff to specific performance of Seller-Defendant's obligations under the Contract.

20.     Pursuant to the terms of the Contract, "upon delivery to Purchaser's attorney of the approval of this transaction by order of a Justice of the Supreme Court of the State of New York," Purchaser-Plaintiff is ready, willing and able to deliver a check subject to collection to be held in escrow by the Seller-Defendant's attorney in an IOLA account at JP Morgan Chase, in the amount of FOUR HUNDRED EIGHTY SEVEN THOUSAND FIVE HUNDRED ($487,500.00) DOLLARS.  Contract ¶ 1(c).

21.     Pursuant to the terms of the Contract, Purchaser-Plaintiff is ready, willing and able to pay the balance of the Purchase Price at closing in the amount of EIGHT MILLION SEVEN HUNDRED SEVENTY FIVE THOUSAND ($8,775,000.00) DOLLARS. Contract ¶ 1(c).

22.     That, Purchaser-Plaintiff is ready, willing and able to proceed with its

4

obligations under the Contract and to proceed to Closing.

23.     The Purchase Price and the terms of the sale were fair and reasonable to Seller-Defendant at the time of the making of the Contract.

24.     Upon information and belief, the Transaction promotes the best interest of Seller-Defendant and its members.

### AS AND FOR A FIRST CAUSE OF ACTION
### PLANTIFF ALLEGES AS FOLLOWS:

25.     Purchaser-Plaintiff repeats, re-alleges and reiterates the allegations set forth in paragraphs 1 through 24 with the same force and effect as if fully set forth herein.

26.     The Seller-Defendant has willfully breached the Contract by failing to fulfill its obligations to promptly apply for approval by the New York State Supreme Court and the New York State Attorney General of the sale of the Premises on the terms set forth in the Contract, which is a condition of Closing.

27.      That, at all times herein mentioned, Purchaser-Plaintiff has duly performed all of the conditions of the aforesaid Contract, on its part to be performed.

28.     That, by reason of the actions of the Seller-Defendant in failing and/or willfully refusing to perform its contractual obligations, as aforesaid, Seller-Defendant will be unable to Close on the sale of the Premises and the Purchaser-Plaintiff will be irreparably damaged.

29.     That the Premises is special, unique and irreplaceable.

30.     That at all times herein mentioned, Purchaser-Plaintiff is, and continues to be, ready, willing and able to perform the Contract, to pay the Purchase Price, and to close on the sale of the Premises, but upon closing and passing of a deed which

5

conforms the Contract but has been unable to do so as a direct result of Seller-Defendant's breach of the terms and conditions of the Contract on its part be performed.

31.     That the Purchaser-Plaintiff has no adequate remedy at law.

32.     That, pursuant to the terms of the Contract, Purchaser-Plaintiff is entitled to specific performance by Seller-Defendant, directing that Seller-Defendant forthwith commence an action in Supreme Court of the State of New York, seeking authorization from the Supreme Court of the State of New York and the New York State Attorney General of the sale of the Premises pursuant to the terms of this Contract.

## AS AND FOR A SECOND CAUSE OF ACTION
## PLANTIFF ALLEGES AS FOLLOWS:

33.     Purchaser-Plaintiff repeats, re-alleges and reiterates the allegations set forth in paragraphs 1 through 24 and 25 through 32 with the same force and effect as if fully set forth herein.

34.     That Seller-Defendant willfully, intentionally and/or negligently has failed to perform its obligations pursuant to the Contract.

35.     That, based upon the foregoing, Defendant breached the Contract of Sale by, *inter alia*, failing or refusing to promptly seek the Consents.

36.     That, based upon the foregoing, Purchaser-Plaintiff has been damaged and should be entitled to specific performance of the terms of the Contract.

37.     That, pursuant to the terms of the Contract, due to Defendant's willful default, Purchaser-Plaintiff is entitled to specific performance by Defendant of its obligation to all necessary approvals from the New York State Supreme Court and the New York State Attorney General.

38.     That, pursuant to the terms of the Contract, Purchaser-Plaintiff is entitled

to specific performance by Seller-Defendant, directing that, upon obtaining authorization of the sale from the Supreme Court of the State of New York and the New York State Attorney General, Seller-Defendant perform any and all conditions as stated in the Contract and closing on the sale of the Premises.

**WHEREFORE**, Purchaser-Plaintiff respectfully requests judgment as follows:

  (i)  on its First Cause of Action for Specific Performance, directing that Seller-Defendant forthwith commence an action in Supreme Court of the State of New York, seeking authorization from the Supreme Court of the State of New York and the New York State Attorney General of the sale of the Premises pursuant to the terms of this Contract; and

  (ii)  on its Second Cause of Action for Breach of Contract, directing that Seller-Defendant, upon obtaining authorization of the sale from the Supreme Court of the State of New York and the New York State Attorney General, perform any and all conditions as stated in the Contract and closing on the sale of the Premises.

  (iii)  awarding Purchaser-Plaintiff such other and further relief as this Court deems just, proper, and equitable.

Dated: New York, New York
   November 10, 2015

            Yours etc.,

            Kossoff, PLLC,
            Attorneys for Purchaser-Plaintiff
            By: Nicole M. Sosnowski, Esq
            217 Broadway, Suite 401
            New York, New York 10007
            (212) 267-6364

FILED: NEW YORK COUNTY CLERK 11/10/2015 04:40 PM
INDEX NO. 161573/2015
NYSCEF DOC. NO. 1
16-10092 Case 1:16-cv-02366 Document Filed 03/28/16 Entered 03/28/16 09:52:36 9 of 11 Pg
9 of 9
RECEIVED NYSCEF: 11/10/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

163 EAST 69 REALTY, LLC.,

                        **Plaintiff,**

    **-against-**

CONGREGATION ACHPRETVIA TAL CHAIM SHAR
HAYUSHOR, INC., a New York Religious Corporation,

                    **Defendants.**

Index No. :
Date Purchased:

**SUMMONS**

PLAINTIFF
DESIGNATES NEW
YORK COUNTY AS
THE PLACE OF
TRIAL

THE BASIS OF
VENUE IS THE
LOCATION OF THE
SUBJECT
PROPERTY

**To the above named defendant(s):**

You **are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated:      New York, New York
             November 10, 2015

KOSSOFF, PLLC.
Attorneys for Plaintiff
By: Nicole M. Sosnowski, Esq.
217 Broadway, Suite 401
New York, New York 10007
(212) 267-6364