| | |
|---|---|
| ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.<br>875 Third Avenue<br>New York, New York 10022<br>Fred B. Ringel<br>Steven Eichel<br>(212) 603-6300<br>*Attorneys for the Debtor and Debtor in Possession* | <u>Presentment Date:</u><br>April 12, 2016 at 12:00 p.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:

**CONGREGATION ACHPRETVIA TAL CHAIM SHARHAYU SHOR, INC.**,

                   Debtor.

---------------------------------------------------------X

Chapter 11

16-10092-mew

## APPLICATION OF DEBTOR TO RETAIN AN APPRAISER

TO THE HONORABLE MICHAEL E WILES
UNITED STATES BANKRUPTCY JUDGE:

      Congregation Achpretvia Tal Chaim Sharhayu Shor, Inc. (the "Debtor" or the "Congregation"), by its attorneys, Robinson Brog Leinwand Greene Genovese & Gluck P.C., pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, seeks this Court's authorization to employ and retain **Landauer Valuation & Advisory, a division of Newmark, Grubb, Knight Frank** ("Landauer"), to appraise Debtor's real property located at 163 East 69th Street, New York, New

{00785158.DOCX;1 }1

York (the "Property"). In support thereof, the Debtor respectfully represent and alleges as follows:

1. On January 15, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the Clerk of this Court. The Debtor has continued to manage and operate its business pursuant to sections 1107 and 1108 of the Bankruptcy Code as a debtor in possession. No committee of creditors, trustee or examiner has been appointed in these cases.

2. This motion seeks the approval of the Debtor's retention of Landauer to appraise Debtors' property located at 163 East 69th Street, New York, New York to assist the Debtors in the litigation of an adversary proceeding seeking specific performance of a contract of sale that the Debtor believes can be voided under applicable law. In addition, the appraisal will assist the Debtor in establishing the current fair market value of the Property in connection with the Debtor's efforts to reorganize its financial affairs.

## JURISDICTION AND VENUE

3. Jurisdiction over this application invested in the United States District Court for this District pursuant to section 1334 of title 28 of the United States Code (the "Judicial Code").

4. This motion has been referred to this Court for consideration pursuant to section 157 of the Judicial Code and the Amended Standing Order of Reference dated January 31, 2013 (Preska, Chief Judge).

{00785158.DOCX;1 }2

5. This is a core proceeding arising under title 11 of the United States Code. See, 28 U. S. C. §157(b)(1). The statutory predicates for the relief sought herein are sections 327 and 1107 of the Bankruptcy Code,

6. Venue of this motion in this district is proper pursuant to section 1409 of the Judicial Code.

## RELIEF REQUESTED

7. The Debtor is a not for profit corporation formed under the religious corporation laws in 1949 and owns a building located at 163 East 69th Street from which it formerly operated its Synagogue under February 2014. The property is presently vacant and the Debtor is in litigation with 163 East 69th Realty, LLC ("163 East 69th"), an entity who the Debtor previously agreed to sell its Property to for 9.75 million dollars but is now seeking to rescind the contract of sale for various reasons.

8. The Debtor immediately needs to have the Property appraised to assist the Debtors in the preparation, presentation and defense of litigation brought by 163 East 69th for specific performance. The Debtor believes that an appraisal of the property's value as of the date of the contract of sale with 163 East 69th will show that the Property was sold for an amount which was extraordinarily unfair to the Debtor and which can be the basis to rescind and void the agreement. In addition, the Debtor is seeking to sell the Property to another buyer who has offered

{00785158.DOCX;1 }{00785158.DOCX;1 }

3

$14,000,000 for the Property and the proposed appraisal will demonstrate whether or not that proposed sale constitutes fair market value for the Property.

9. The Debtor therefore requests permission to retain Landauer as its appraiser to determine the value of the Property in accordance with the retention letter annexed hereto as **Exhibit A**, and if necessary, to testify before this Court with respect thereto.

10. The Debtor submits that Landauer is well qualified to act as appraisers herein. Landauer has acted in a similar capacity as an appraiser in cases of this nature. The Debtor believes that Landauer is imminently qualified to perform the duties required herein. The Debtor selected Landauer because of their specialization in this area and because of the credibility and quality of their reports and services.

11. Debtors intend to compensate Landauer at the rate of $9,500 for the appraisal, for which $4,750.00 will be paid as a retainer upon this Court's approval of their retention, to be applied against the total fee requested herein. Landauer will also be compensated for testifying or responding to discovery at the rates set forth in the agreement annexed hereto as **Exhibit A**. In accordance with the annexed retainer agreement and then proposed order, the Debtor seeks authority to compensate Landauer an additional $4,750.00 upon delivery of the completed appraisal to the Debtor. The Debtor has sufficient cash on hand to make such payments.

12. The Debtor believes that the compensation requested by Landauer is appropriate and reasonable in view of the size of Debtor's Property, the amount of work which will be required, the compensation customarily paid for such services and the short time frame within which the services are to be performed.

13. Upon information and belief, Landauer represents no interest adverse to the Debtor or its estate on matters upon which they are being engaged, nor do they have any connection with the Debtor, its creditors or any other parties in interest or their respective attorneys and accountants as more fully set forth in the Affidavit of Robert Von Ancken, MAI, CRE, the Executive Managing Director of Landauer.

14. In addition, the Debtor respectfully requests that Landauer be exempted from the reporting requirements of this Court's Administrative Order (Docketed June 24, 1991) and the fee application requirements of 11 U.S.C. §§330 and 331, with respect to its fee for the preparation of the appraisal report. However, to the extent appropriate, Landauer will file an application pursuant to section 330 of the Bankruptcy Code with respect to its hourly charges for case support. The reason for this exemption is that consultants bill by the project, not by the hour, and such billing practices are standard in its industry. Further, other appraisers have been exempted from such requirements in other cases pending in this district.

15. The Debtor believes that Landauer is a "disinterested person" as that term is defined by the Bankruptcy Code. Landauer represents no interest materially adverse to the Debtor, its estates, or its creditors. Except as stated herein and in the Affidavit annexed hereto, to the best of the Debtor's knowledge, information and belief, Landauer has no connection with the Debtor, its creditors, any other party in interest, its respective attorneys, the United States Trustee, and will not, at any time, represent any other entity in connection with this case.

16. Section 327(a) of the Bankruptcy Code provides that a debtor, with the Court's approval, may employ one or more accountants or other professional persons that do not hold or represent an interest adverse to the estates and that are disinterested persons to represent or assist the debtor in carrying out its duties under the Bankruptcy Code. 11 U.S.C. §327(a).

17. The Debtor submits that for the reasons set forth above, its retention of Landauer is essential to its successful reorganization. Accordingly, the Debtor submits that it is in the best interest of the Debtor, its estate and its creditors for the Debtor to be authorized to retain Landauer.

18. Since this application presents no novel issues of law, the Debtor request that the Court waive and dispense with the requirement set forth in rule 9013-1b of the Local Bankruptcy Rules.

19. No prior application for the relief requested herein has been made to this or any other Court.

{00785158.DOCX;1 }{00785158.DOCX;1 }

6

WHEREFORE, the Debtor prays for an order approving the employment of Landauer to render the services requested herein for which no previous application has been made, and for such other and further relief as is appropriate herein.

DATED:    New York, New York
April 5, 2016

        ROBINSON BROG LEINWAND
        GREENE GENOVESE & GLUCK P.C.
        Attorney for Debtor
        875 Third Avenue, 9th Floor
        New York, New York  10022
        (212) 586-4050

        By:   /s/ Fred B. Ringel
          Fred B. Ringel

# **Exhibit A**

# Landauer
Valuation & Advisory



VIA E-MAIL: fbr@robinsonbrog.com
VIA STANDARD MAIL

April 4, 2016

Fred B. Ringel, Esq.
Robinson Brog Leinwand Greene Genovese & Gluck P.C.
875 Third Avenue, 9th Floor
New York, NY 10022-0123
T: 212-603-6301
F: 212-956-2164

*Robert Von Ancken, MAI, CRE*
*Chairman*
*T – 212-359-8508, email:bvonancken@ngkf.com*

*Robert Mayer, MAI*
*Managing Director*
*T – 212-359-8511, email:rmayer@ngkf.com*

*Landauer Valuation & Advisory Group*
*125 Park Avenue*
*New York, NY 10017*

**Re:  163 East 69th Street, New York, NY**

Dear Fred:

Pursuant to your request, we are pleased to submit a proposal to prepare an appraisal report for the above-referenced property. The property is identified on the New York City tax rolls as Block 1404 Lot 31.

The property consists of a four-story townhouse with 8,300 square feet of gross building area that sits on a 2,511 square foot lot with 25 feet of frontage along the north side of East 69th Street between Lexington and Third Avenues in Manhattan's Upper Eastside. The building was constructed circa 1920, and it is located in the Upper Eastside Historic District. Our appraisal report will indicate the property value as of two valuation dates. The first valuation date is March 26, 2014, and the second valuation date is March 26, 2016.

Our appraisal will be presented in a narrative format, and will include the following sections: letter of transmittal, summary of conclusions, scope of the assignment, property identification and description, value definition, definition of rights, effective date of appraisal, date of inspection, market overview of the townhouse market, highest and best use analysis, valuation process using the sales comparison approach, reconciliation and final value estimate, statements of limiting conditions, certification of appraiser, qualifications of appraiser and addendum/exhibits.

The analysis and valuation will be made subject to and prepared in conformity with the Code of Professional Ethics and Conduct of the Appraisal Institute and the Uniform Standards of Professional Appraisal Practice (USPAP) as established by the Appraisal Foundation.

We will furnish you with one electronic copy and up to three originals of our report, if required. Our fee to provide the above-described services is $9,500. Consistent with Landauer Valuation and Advisory's policy, we are requesting a 50% partial payment prior to commencement of our work. The balance will be due upon delivery of the draft report. While the law firm is retaining Landauer to prepare the appraisal report, the Congregation is responsible for payment of the fees.

My time for meetings, telephone conferences, pre-trial preparation, deposition and/or testimony, rebuttal reports or any other additional services beyond the preparation of the appraisal report is additional and will be charged at a rate of $800 per hour for myself and $500 per hour for my associates. Our rates will increase 3% each year.

**Landauer**
Valuation & Advisory



If additional tasks are identified during the engagement, we will discuss with you the likely costs associated with those tasks before proceeding.

Not included in Landauer's scope of services are the services of any other professional or technical firms, such as environmental specialists, legal counsel, title examiners, engineers, accountants or architects. Should such services be necessary or desired, it is understood that the Client will themselves engage, or will instruct Landauer in writing to engage, such service providers at the Client's expense.

Our employment compensation will in no way be contingent upon the conclusions ultimately reported.

In the event that a party entitled to do so, makes a claim against Landauer Valuation and Advisory or any of its affiliates or any of their respective officers or employees in connection with or in any way relating to this engagement of the Appraisal, the maximum damages recoverable from Landauer or any of its parent companies or their respective officers or employees shall be the amount of the monies actually collected by us for this assignment less attorney fees and under no circumstances shall any claim for consequential damages be made.

If this proposal is suitable, this letter can serve as our joint agreement. Please sign and return it to our office along with pre-payment in the amount of $4,750.

Thank you for the opportunity of submitting this proposal. We look forward to working with you.

Respectfully,

*[signature]*

Robert Von Ancken, MAI, CRE, FRICS
Chairman
Landauer Valuation & Advisory

Agreed to and accepted by: *Subject to Bankruptcy Court Approval*
Signature: *[signature]*
Print Name: *Fred B Ringel*
Title: *Partner*
Date: *4/5/16*

Landauer Valuation & Advisory, 125 Park Avenue, New York, NY 10017  T 212.372.2000  A division of Newmark Grubb Knight Frank