**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:                                                    Chapter 11

CONGREGATION ACHPRETVIA TAL CHAIM
SHARHAYU SHOR, INC.,                          Case No.:  16-10092 (MEW)

                        Debtor.

**ORDER RESOLVING 163 EAST 69 REALTY LLC'S MOTION TO
DISMISS CHAPTER 11 CASE, OR, IN THE ALTERNATIVE, TO
ABSTAIN FROM HEARING ACTION REMOVED FROM STATE
COURT AND TO REMAND THE ACTION BACK TO STATE COURT**

The above-captioned debtor and debtor-in-possession, Congregation Achpretvia Tal

Chaim Sharhayu Shor, Inc. (the "**Debtor**" or "**Congregation**"), having filed a voluntary chapter

11 petition in this Court on January 15, 2016; and the Debtor, on March 4, 2016, having filed a

Notice of Removal, pursuant to 28 U.S.C. §§ 157 and 1452, and Rule 9027 of the Federal Rules

of Bankruptcy Procedure, of the action captioned *163 East 69 Realty, LLC v. Congregation*

*Achpretvia Tal Chaim Sharhayu Shor, Inc., a New York Religious Corporation,* bearing Index No.

161573/2015 (the "**Action**");163 East 69 Realty, LLC (the "**163 East 69 Realty**"), having filed on

March 17, 2016 a motion (the "**Motion**") seeking dismissal of the above-captioned chapter 11 case

or, in the alternative, abstention and remand of the Action to the Supreme Court of the State of

New York, County of New York [ECF # 21]; 163 East 69 Realty and the Congregation having

agreed to resolve the Motion consensually; the Court having substantially simultaneously herewith

entered an order remanding the Action to the Supreme Court of the State of New York, County of

New York; and 163 East 69 Realty and Debtor having consented to the relief set forth below,

**IT IS HEREBY ORDERED,** that the Motion shall be adjourned *sine die*; provided,

however, that if the Debtor seeks to reject the Contract of Sale entered into between the

{00808278.DOCX;7 }

Congregation and 163 East 69 Realty, dated March 26, 2014 (the "**Contract**"), the Motion can be restored to the Court's calendar 15 days prior to a hearing on any motion to reject the Contract; and it is further

ORDERED, that the Debtor shall not file any motion or application seeking to reject any executory contract to which the Plaintiff is a counterparty, without first seeking permission from the Court, after having provided the Plaintiff with at least forty-five (45) days' written notice that it intends to seek such permission; and it is further

ORDERED, that the Debtor shall not file any motion seeking approval to sell the real property located at 163 East 69th Street, New York, New York (the "**Property**") unless and until the Contract is determined to be enforceable or unenforceable in accordance with its terms, or unless otherwise agreed in writing by the Debtor and 163 East 69 Realty; and it is further

ORDERED, that nothing set forth in this Order shall be deemed to constitute the resolution by the Bankruptcy Court of any disputed issue between the parties; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: New York, New York
         September 16, 2016

s/Michael E. Wiles__
HON. MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE
